UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

CYLAR LAMAR SHEMWELL                                              PLAINTIFF

v.                                          CIVIL ACTION NO. 4:19CV-P80-JHM

DAVIESS CTY. DETENTION CENTER *et al.*                   DEFENDANTS

**MEMORANDUM OPINION**

        Plaintiff Cylar Lamar Shemwell, an inmate at the Daviess County Detention Center, filed the instant *pro se* 42 U.S.C. § 1983 action along with an application to proceed without the prepayment of fees. On July 15, 2019, the Clerk of Court issued a notice of deficiency to Plaintiff directing him to file a certified copy of his prison trust account statement for the past six months within 30 days. Plaintiff failed to respond to the deficiency notice. Therefore, by Order entered August 22, 2019, the Court directed Plaintiff to file a certified copy of his prison trust account statement for the six months immediately preceding the filing of the complaint within 30 days. The Order warned Plaintiff that failure to comply within the time allotted would result in dismissal of the action.

        More than 30 days have passed, and Plaintiff has failed to comply with the Court's Order or to otherwise take any action in this case. Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*,

951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff's failure to comply with the notice of deficiency and the Court's prior Order shows a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date: October 16, 2019

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.010